McGEE, Chief Judge.
I. Procedural History
The Union County Board of Education ("Petitioner"), filed a "Request for Declaratory Ruling" pursuant to N.C. Gen. Stat. § 150B-4 (2017) and 20 N.C. Admin. Code 01F.0201 et seq . on 18 October 2016. Pursuant to this filing, Petitioner requested that the Retirement Systems Division (the "Division") of the Department of State Treasurer (along with State Treasurer at that time, Janet Cowell,[1] and Steven C. Toole, Director of Retirement Systems Division ("Director Toole"), in their official capacities, ("Respondents") ) enter a declaratory ruling that the Division's adoption of a "cap factor" for the Teachers' and State Employees' Retirement System ("TSERS") pursuant to N.C. Gen. Stat. § 135-5(a3) (2017) was "void and of no effect because the [Board of Trustees of TSERS (the 'Board') ] did not follow the rule making procedures of ... the Administrative Procedure Act [ (the 'APA').]"[2] Director Toole denied Petitioner's request by letter dated 17 November 2016, and Petitioner filed a "Petition for Judicial Review" of Director Toole's decision in Superior Court, Union County, on 16 December 2016. Petitioner moved for summary judgment on 25 April 2017, the matter was heard on 10 May 2017, and the trial court granted summary judgment in favor of Petitioner by judgment entered 30 May 2017. Respondents appeal.
II. Facts
In 2014, the General Assembly enacted new legislation (the "Act"),[3] establishing a cap factor for certain employees covered by TSERS ("members"). 2014 N.C. Sess. Laws 88, sec. 1.(a). The purpose of the Act, in relevant part, was to "adopt a contribution-based benefit cap factor" (the "cap factor"), in order to limit retirement benefits paid by TSERS for certain members whose benefits would have otherwise been significantly inflated because their salaries were substantially greater in their final years of State employment than their salaries for the majority of their earlier State employment. N.C.G.S. § 135-5(a3).[4]
Dr. Mary B. Ellis ("Dr. Ellis") was superintendent of Petitioner for a period of time until her retirement. Because of Dr. Ellis' employment history with the State, she was eligible for TSERS retirement benefits, but was also subject to having her benefits capped pursuant to the provisions of the Act. Upon Dr. Ellis' retirement, the Division informed her and Petitioner that, pursuant to the Act, a contribution of $512,867.01 would be required to restore Dr. Ellis' benefits to their "uncapped amount." N.C. Gen. Stat. § 135-4(jj) (2015).[5] Petitioner submitted this amount to the Division on behalf of Dr. Ellis, but also initiated this action, as indicated above, to challenge the validity of the cap factor "adopted" by the Board. Additional facts may be found in Cabarrus Cty. Bd. of Educ. v. Dep't of State Treasurer , --- N.C. App. ----, --- S.E.2d ---- (2018) (COA17-1017), which is filed concurrently with this opinion.
III. Holding
Our holdings in Cabarrus Cty. determine the outcome of the present opinion. For the reasons stated in Cabarrus Cty. , we affirm the trial court's grant of summary judgment in favor of Petitioner. Id.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and STROUD concur.

By the time of the order granting summary judgment, Dale R. Folwell had become the State Treasurer, and he has been substituted as a named Respondent.

The APA is found in Article 2A of Chapter 150B-N.C. Gen. Stat. §§ 150B-1 through 150B-52 (2017). TSERS is established and controlled by the provisions of Article 1 of Chapter 135 of the General Statutes-N.C. Gen. Stat. §§ 135-1 through 135-18.11 (2017).

"AN ACT to enact anti-pension-spiking legislation by establishing a contribution-based benefit cap[.]" 2014 N.C. Sess. Laws 88, sec. 1.(a).

This is a simplified explanation of the Act, but an in-depth explanation is not required for our analysis of the issues on appeal.

The 2015 version of N.C.G.S. § 135-4(jj) includes relevant language that was in effect at the time summary judgment was entered. Because this language was later changed, we cite the earlier version of the statute.